IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIA SORTO | : | |
| | : | |
| v. | : | Civil Action No. DKC 23-2263 |
| | : | |
| CARROLS LLC d/b/a Burger King | : | |

**MEMORANDUM OPINION**

Defendant Carrols LLC ("Defendant") filed a motion to confirm Arbitrator's Final Award on August 12, 2026. (ECF No. 23). Plaintiff Maria Sorto ("Plaintiff") has filed no response in opposition and the time to do so is now expired. For the following reasons, the motion will be granted without a hearing. Local Rule 105.6.

**I. Background**

Plaintiff filed this employment action on August 18, 2023, alleging that Defendant discriminated against her, failed to accommodate her disability, and retaliated against her. (ECF No. 1). In lieu of filing a response, Defendant moved to compel arbitration and to dismiss. (ECF No. 12). Plaintiff filed a response in opposition to the motion on February 8, 2024, (ECF No. 16), and Defendant filed a reply on February 22, 2024, (ECF No. 17). The court issued a Memorandum Opinion and Order on May 30, 2024, granting the motion to compel arbitration, and staying and

closing the case administratively pending the completion of arbitration. (ECF Nos. 18; 19).

Defendant, through attorney Catherine A. Miller, filed a motion to confirm the arbitration award and for the entry of judgment on July 24, 2026. (ECF No. 20). On August 11, 2026, the court issued a Notice advising that the motion was filed in contravention to Local Rule 101.1.b.i. (ECF No. 22). The motion to confirm the arbitration award and for the entry of judgment was re-filed by attorney Daniel Miktus on August 12, 2026. (ECF No. 23). To date, Plaintiff has filed no response in opposition.

The parties arbitrated on September 16 and 17, 2025, before the Honorable John M. Mott, a judge who retired from the District of Columbia Superior Court after serving 21 years. (ECF No. 23-1, at 1–2). Judge Mott entered an award in Defendant’s favor on all claims. A copy of the award is attached to the motion. (ECF No. 23-2). Motions to confirm arbitration awards are governed by the Federal Arbitration Act (“FAA”). As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant

> such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The parties consented to the entry of judgment in any court having jurisdiction upon the entry of the award. (ECF No. 23-1, at 2 (quoting and citing JAMS Employment Arbitration Rule 25)). This court has jurisdiction. *See Jules v. Andre Balazs Props.*, 608 U.S. ___, 146 S.Ct. 1209, 1223 (2026) ("A federal court with jurisdiction to stay claims pending arbitration under § 3 of the FAA has the same jurisdiction to resolve motions to confirm or vacate a resulting arbitral award.").

Since the arbitration award was issued on February 2, 2026, no party has moved to vacate, modify, or correct the award. Defendant filed the instant motion with this court within one year after the award was made, and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

The Arbitrator issued the award after hearing testimony and considering the record. By failing to respond to the instant motion, Plaintiff has not demonstrated any ground for vacating the award. Thus, there is no evident reason why the award should not be confirmed.

Accordingly, Defendant’s motion for confirmation of the arbitration award will be granted by separate order.

/s/

DEBORAH K. CHASANOW
United States District Judge